# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GAME AND TECHNOLOGY CO. LTD. *Plaintiff*, v. BLIZZARD ENTERTAINMENT, INC., et al. *Defendants*. | Case No. 2:15-cv-1257-RWS-RSP<br><br>Case No. 2:15-cv-1258-RWS-RSP<br><br>Case No. 2:15-cv-1259-RWS-RSP<br><br>Case No. 2:15-cv-1260-RWS-RSP |

## **MEMORANDUM ORDER**

Pending before the Court are Motions to Transfer Venue Pursuant to 28 U.S.C. § 1404 filed by Defendant Blizzard Entertainment, Inc. (Dkt. No. 10 in Case No. 2:15-cv-1257); Defendant Riot Games, Inc. (Dkt. No. 10 in Case No. 2:15-cv-1258); Defendant Valve Corporation (Dkt. No. 9 in Case No. 2:15-cv-1259); and Defendant Wargaming Group Limited (Dkt. No. 5 in Case No. 2:15-cv-1260). Blizzard and Riot contend their cases should be transferred to the Central District of California. Valve contends its case should be transferred to the Western District of Washington. Wargaming contends its case should be transferred to the Northern District of California. Plaintiff opposes transfer. The Court held an evidentiary hearing on August 3, 2016. Having considered the facts and arguments, the Court finds that transfer is warranted.

## I. LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer

analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## II. ANALYSIS

The parties do not dispute that these actions could have been brought in the proposed transferee districts.

No party has identified any evidence or witness located in the Eastern District of Texas. The only potentially relevant evidence or witnesses located in the state of Texas were identified by Plaintiff as residing in the Austin, TX offices of Blizzard and Wargaming. Blizzard has submitted unrebutted evidence that its Austin office does not design, engineer, maintain, market, or keep financial records for the accused products. *See* (Dkt. No. 10-10 at ¶ 7 in Case No. 2:15-cv-1257). The only potentially-relevant function performed in Blizzard's Austin office is customer support. (*Id.*). Wargaming has submitted similar unrebutted evidence; its Austin office performs only market research. (Dkt. No. 5-1 at ¶ 10 in in Case No. 2:15-cv-1260).

Plaintiff is a Korean company and Plaintiff does not dispute that its documents and party witnesses are located in Korea.

Defendants Blizzard and Riot have presented compelling evidence that virtually all relevant documents, party witnesses, and third-party witnesses are located in the Central District of California. Defendant Valve has presented compelling evidence that virtually all relevant documents and party witnesses are located in Bellevue, Washington or Seattle, Washington.

The Court finds that three factors weigh heavy in favor of transfer for Blizzard, Riot, and Valve. First, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *See Genentech*, 566 F.3d at 1345. Almost all relevant evidence in these cases is located in the proposed transferee venues, and no evidence is located in the Eastern District of Texas. Second, because "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis" the location of the witnesses in this case favors transfer. *See Genentech*, 566 F.3d at 1342. Third, the Central District of California likely has the power to compel several identified third parties to appear at trial.[1] Fed. R. Civ. P. 45. This Court has trial subpoena power over no identified third party. The Court finds that the remaining factors are neutral as to transfer.

A motion to transfer venue should be granted when the moving party shows the proposed transferee venue is "clearly more convenient." *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court has weighed the evidence and finds that the Central District of California is a clearly more convenient venue for the cases involving Blizzard and Riot, while the Western District of Washington is a clearly more convenient venue for the case involving Valve.

Wargaming has presented evidence that the majority of its relevant documents and party witnesses are located in Nicosia, Cyprus; Minsk, Belarus; and Kiev, Ukraine. Some of Wargaming's evidence may also be located at its US office in Emeryville, California. The convenience of foreign corporations is generally given little weight in the venue analysis because travel to any U.S. venue would impose a similar degree of inconvenience. *Genentech*, 566 F.3d at 1345 ("[Defendant] is a German corporation that will be traveling a great distance no matter

---

[1] Defendant Valve has not identified any third party witnesses so this factor is neutral with respect to Valve.

which venue the case is tried in and will be only slightly more inconvenienced by the case being tried in California than in Texas").

Accordingly, the Court finds Wargaming has not shown that the Northern District of California would be "clearly more convenient." However, the Court finds that the Central District of California would be "clearly more convenient" in light of the judicial economy factor; transferring Wargaming to the same venue as Blizzard and Riot will promote the efficient disposition of common issues such as claim construction and validity. *See In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) ("the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice"). The Court therefore concludes that judicial economy favors adjudicating Plaintiff's claims against multiple Defendants in the same forum to the extent this can be accomplished in light of the other factors. Moreover, the Court finds that Wargaming's California-based evidence will be somewhat more accessible in the Central District of California than it would be in Texas.

## III. CONCLUSION

The Court **ORDERS** as follows:

- Blizzard's Motion (Dkt. No. 10 in Case No. 2:15-cv-1257) is **GRANTED**. The clerk is directed to transfer Case No. 2:15-cv-1257 to the Central District of California.

- Riot's Motion (Dkt. No. 10 in Case No. 2:15-cv-1258) is **GRANTED**. The clerk is directed to transfer Case No. 2:15-cv-1258 to the Central District of California.

- Valve's Motion (Dkt. No. 9 in Case No. 2:15-cv-1259) is **GRANTED**. The clerk is directed to transfer Case No. 2:15-cv-1259 to the Western District of Washington.

- Wargaming's Motion (Dkt. No. 5 in Case No. 2:15-cv-1260) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The clerk is directed to transfer Case No. 2:15-cv-1260 to the Central District of California.

**SIGNED this 4th day of August, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE